UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TOD MUTHIG,  :
      Plaintiff  : CIVIL ACTION
        :
v.  : NO. 1:14-cv-1502
        :
SURFACE PREPARATION  : JURY TRIAL DEMANDED
TECHNOLOGIES, LLC  :
        :



FILED
AUG 0 1 2014
PER _____
HARRISBURG, PA  DEPUTY CLERK

## COMPLAINT

### PARTIES

1. Plaintiff Tod Muthig (hereinafter, "Muthig") is an adult individual residing at 318 Stumpstown Road, Mechanicsburg, Cumberland County, Pennsylvania 17055.

2. Defendant Surface Preparation Technologies, LLC (hereinafter, "SPT"). Is, upon information and belief, a limited liability company existing under the laws of the Commonwealth of Pennsylvania, with a registered address at 81 Texaco Road, Mechanicsburg, Cumberland County, Pennsylvania.

3. SPT is the largest rumple strip contractor in the United States.

4. Muthig began his employment with SPT in March, 1994 and was terminated Labor Day weekend, 2012.

### JURISDICTION and VENUE

5. Jurisdiction is predicated upon 28 U.S.C.§1331, involving a federal question, inasmuch as all federal claims are predicated upon the Fair Labor Standards Act, 29 U.S.C.§201, et seq.



Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

1

Specifically, a right of private action is authorized, and Plaintiff is proceeding, pursuant to 29 U.S.C.§216(b) of the Act.

6. Venue is proper in the Middle District of Pennsylvania in that all parties reside there, as well as the fact that the actions giving rise to this Complaint occurred at SPT's Mechanicsburg office.

## BACKGROUND

7. As stated above, Muthig began his employment in March, 1994 – only six years after the company had been formed. Muthig served as a laborer, operator, foreman, salesman and estimator at diverse locations across the United States during the course of his eighteen years of employment with SPT.

8. In order to avoid an obligation for overtime compensation, SPT paid its employees such as Muthig from two different companies or entities, e.g., SPT on prevailing wage jobs where the governmental entity was subject to prevailing wage laws, in which case Muthig received overtime compensation, or TrafCon time, involving travel, maintenance, shop work [such as fixing broken equipment or repairs on machines]. In the latter case – TrafCon time – prevailing wage laws did not apply and, consequently, Muthig was not paid overtime. It is for this work that the present lawsuit was brought.

9. Muthig had been concerned for a long period of time that he was not being paid overtime compensation on TrafCon time. In July, 2010, Mutig first raised the issue of overtime compensation on TrafCon time. He raised it again in February, April and July, 2011. In April, 2011, the request was made of Jeffrey Dows, General Manager of SPT.

10. During calendar year 2010, Muthig averaged approximately 75 hours per week at work for SPT, whether paid from SPT or TrafCon.



Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

11. From 2005 until April, 2012, Muthig was a salaried employee, not exempt from the overtime provisions of the federal Fair Labor Standards Act (hereinafter, "FLSA"). During this time period, Muthig worked approximately 65-95 hours per week (i.e., both Trafcon and prevailing wage).

12. During the last two years before he returned as an hourly employee, Mutig's base salary was $62,000 annually. As a consequence, his hourly rate was $29.825 and his overtime rate would be $44.73.

13. All time sheets for Muthig's employment during this period are in the exclusive control of SPT. It is the only entity or individual having possession of documents which would evidence the number of overtime hours which Muthig worked on a weekly basis.

14. When Muthig asked for copies of his time sheets, he was informed by Joseph Devers, Office Manager, that he would need a subpoena in order to obtain copies of his own time sheets.

15. Following a conversation in April, 2012 with SPT's owner, Matt Johnson and its General Manager, Jeffrey Dows, Muthig was returned to his former status as an hourly employee. This was as a result of repeatedly complaining that he was not being compensated in accordance with the law.

16. Prior to that time, Muthig worked at least 15-20 hours overtime each week (Trafcon time) for which he was not compensated.

17. **As a result of these requests, Muthig was advised by former owner, William Newhart, and current owner, Matthew Johnson, that he had to either withdraw his overtime claim or have his employment terminated.**

18. As an accommodation, Muthig was told he would be given a bonus in lieu of overtime. **Nevertheless, he never received such a bonus.**



Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

19. In August, 2012, Muthig had scheduled vacation because his son was preparing to attend boot camp in Oklahoma with the United States Army. At the time, he had been working in South Dakota.

20. Nevertheless, the employer, SPT, did not want him to take this vacation time to see his son.

21. In fact, the employer deducted $400.00 from his compensation, representing half of the cost of the flight from South Dakota.

22. Muthig thereafter requested "local" work within driving distance of the corporate office. This request was refused notwithstanding the fact that as of July, 2012, one other individual on his own crew, a new hire, was given such a position.

**COUNT I – VIOLATION OF OVERTIME PROVISIONS OF FAIR LABOR STANDARDS ACT**

23. Paragraphs 1-22 are incorporated by reference as if fully set forth in their entirety.

24. The Fair Labor Standards Act, 29 U.S.C.§207(a)(1), provides that no employer shall employ any of his employees who in any work week works more than forty (40) hours unless the employee receives compensation for the hours in excess of forty at the rate of one and one-half times his or her regular rate.

25. As set forth above, Muthig did, in fact, work more than forty hours each week and accumulated overtime hours for the period from, at a minimum, calendar year 2010 until April 2012, and most probably, dating back to 2005.

26. SPT not only refused to compensate Muthig for the overtime hours set forth above, but told him his employment would be terminated if he did not withdraw his request for overtime compensation (see, para. 17 above).

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

27. None of the exemptions delineated at 29 U.S.C.§213 apply to the actual duties Muthig performed for Surface Preparation Technologies, known as "trafcon" time and involving travel, maintenance and shop work (see, para. 8 above).

28. Muthig worked an unknown number of hours of overtime, as that information is under the exclusive control of Surface Preparation Technologies. Inasmuch as his annual salary was $62,000 during the time period from April, 2010 until April, 2012, when he returned to hourly non-exempt employment, Muthig's hourly rate was consequently $29.825 and his overtime rate $44.73 (see, para. 12 above). Accordingly, he was deprived of perhaps $81,408.60 in overtime compensation for calendar years 2010-2012 (17.5 average overtime hours x 44.73 = 782.78 x 104 weeks). Nevertheless, until the payroll data is obtained from SPT, an exact figure is unknown.

29. Since the provisions found at 29 U.S.C.§216(b) allow for an equal amount to be assessed as liquidated damages, Muthig is probably entitled to damages in the amount of $162,817.20 for Surface Preparation Technologies willful failure to pay him the overtime compensation he was due. Muthig is also entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C. §216(b).

WHEREFORE, it is requested that judgment be entered in favor of Plaintiff Tod Muthig and against Surface Preparation Technologies as to Count I of the Complaint for violation of the overtime provisions of the Fair Labor Standards Act, together with statutory liquidated damages, as well as attorney's fees and costs, as expressly permitted by 29 U.S.C. §216(b).

### COUNT II - RETALIATION

30. Paragraphs 1-22 are incorporated by reference, as if fully set forth in their entirety.

31. As described above, Muthig engaged in protected activity by making his request for overtime wages to SPT officials in July 2010, February, 2011, April 2011, and July, 2011 (see, para. 9 above).

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
PHONE: 717.766.4008
FAX: 717.766.4066

32. Muthig was threatened that unless he withdrew his overtime claim for compensation, his employment may be terminated (see, para. 17 above). In fact, his status was changed in April, 2012 as a result of these requests, but he was never given his overtime compensation.

33. As a result of requesting the overtime compensation he was legally due, Muthig's employment was terminated. This action was in direct retaliation for having engaged in protected activity.

34. As detailed at 29 U.S.C.§216(b), the measure of damages to be awarded for retaliation such as engaged in by Surface Preparation Technologies is the payment of wages lost and an equal amount as liquidated damages. In accordance with 29 U.S.C.§216(b), Muthig is also entitled to an award of attorney fees and costs.

WHEREFORE, it is requested that judgment be entered against Defendant Surface Preparation Technologies and in favor of Plaintiff Tod Muthig as to Count II of the Complaint based upon Defendant's retaliation in an amount to be determined by the court, which shall include liquidate damages. Muthig is also entitled to an award of attorney's fees and costs, pursuant to 29 U.S.C.§216(b).

Respectfully submitted,

_____
John M. Kerr, Esquire
Attorney I.D. # 26414
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
(717) 766-4008

Dated: July 30, 2014

Law Office of
John M. Kerr
5010 Ritter Road
Suite 109
Mechanicsburg, PA 17055
Phone: 717.766.4008
Fax: 717.766.4066

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the

TOD MUTHIG )
*Plaintiff* )
v. ) Civil Action No.
SURFACE PREPARATION TECHNOLOGIES, LLC )
*Defendant* )

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: SURFACE PREPARATION TECHNOLOGIES, LLC
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within 30 days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 08/01/2014

*Signature of the attorney or unrepresented party*

JOHN M. KERR, ESQUIRE
*Printed name*

5010 RITTER ROAD, SUITE 109,
MECHANICSBURG, PA 17055
*Address*

JOHN @JOHNKERRLAWPC.COM
*E-mail address*

(717) 766-4008
*Telephone number*