UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOD MUTHIG, | : | 1:14-CV-01502 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| SURFACE PREPARATION | : | |
| TECHNOLOGIES, LLC, | : | |
| | : | |
| Defendant | : | |

## ORDER

April 22, 2015

Following a telephone conference with counsel, **IT IS ORDERED** that a settlement conference is scheduled for **June 8, 2015, at 10:00 a.m.**, in Chambers, Room 1135, Eleventh Floor, Ronald Reagan Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.   Counsel are advised that their clients, or client representatives, with <u>complete</u> authority to negotiate and consummate a settlement shall be in attendance at the settlement conference.   The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the settlement conference, if appropriate, without consulting someone else who is not present.   Moreover, I expect the lawyers

and the party representatives to be fully prepared to participate, and all the parties are encouraged to keep an open mind in order to re-assess previous positions.

In the event that counsel appear for the conference without their client representatives authorized as described above, I may, in my discretion, cancel or reschedule the settlement conference.   The non-complying party, attorney, or both, may also be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the court.

Last, I require that on or before **May 11, 2015**, plaintiff's counsel shall submit a written itemization of damages and a settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.   On or before **May 26, 2015**, defendant's counsel shall submit a written offer to plaintiff's counsel along with a brief explanation of why such a settlement is appropriate.   On occasion, this process will lead directly to a settlement.   In the event that a settlement is not achieved, on or before **June 5, 2015**, each party shall submit a confidential settlement memorandum, attaching their respective demand and offer letters, to my Chambers by email at Judge.Schwab@pamd.uscourts.gov.   Neither the letters nor the settlement memoranda should be filed on the Court's docket.

In the settlement memoranda, the parties shall provide a specific recitation of the facts, a discussion of the strengths and weaknesses of the case, the parties' position on settlement, including a report on settlement efforts to date.   If not already part of the Court's record, copies of any critical agreements, business records, photographs or other documents or exhibits shall be attached to the settlement memoranda.   The memoranda, though, should not be lengthy; instead, they should contain enough information to be useful in analyzing the factual and legal issues in this case.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge